UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
SYLVIA DEJESUS,

                            Plaintiff,

-against-

HOME DEPOT U.S.A., INC.,

                            Defendant.
----------------------------------------------------------------X

Docket No.:

**PETITION FOR REMOVAL OF ACTION UNDER 28 U.S.C. §1446(a) DIVERSITY**

**TO THE CLERK OF THE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK:**

       **PLEASE TAKE NOTICE** that Defendant HOME DEPOT U.S.A., INC. ("Home Depot"), hereby submits this Petition for Removal, with full reservation of all defenses, from the Supreme Court of the State of New York, County of Bronx, to the United States District Court, SOUTHERN DISTRICT of New York in accordance with 28 U.S.C. §1446 and respectfully represents as follows:

### PLAINTIFF'S COMPLAINT AND NATURE OF THE ACTION

1. On January 11, 2018, this action was filed with the Court against HOME DEPOT U.S.A., INC., in the Supreme Court of the State of New York, County of Bronx, Index Number 20373/2018E. Pursuant to 28 U.S.C. §1446(a), copy of the Summons/Complaint is annexed hereto as **Exhibit "A."**

2. In her Complaint, Plaintiff alleges personal injury from an incident which occurred on July 1, 2017 at 600 Exterior Street, Bronx, New York due to Defendant's negligence. **Exhibit "A."**

3. Defendant was served on January 30, 2018 through the Secretary of State. **Exhibit "B".**

4. The parties entered into a stipulation to extend Defendant, Home Depot U.S.A., Inc.'s time to respond to Plaintiff's Verified Complaint until April 2, 2018. To date Defendant, Home Depot U.S.A., Inc. has not filed its Verified Answer. **Exhibit "C"**.

## DIVERSITY JURISDICTION IS PROPER

5. No further proceedings have been had in the Supreme Court of the State of New York, County of Bronx, as of the date of the filing of this Petition for Removal.

6. This Court has original jurisdiction over this civil action pursuant to 28 U.S.C. §1332. The Complaint alleges a matter in controversy, which, if liability is established, is reasonably probable to exceed the sum or value of $75,000, exclusive of interest and costs and complete diversity of citizenship exists between Plaintiff and Home Depot.

## DIVERSITY EXISTS

7. This firm represents Defendant HOME DEPOT U.S.A., INC.

8. Defendant seeks removal of this action pursuant to 28 U.S.C. §1446 and Local Civil Rule 81.1, which permits removal of causes of action based upon diversity of citizenship of the parties.

9. At the time that this was filed, Defendant HOME DEPOT U.S.A., INC., was and still is a corporation organized and existing under the laws of the State of Delaware and having its principal place of business at 2455 Paces Ferry Road SW, Atlanta, Georgia.

10. Pursuant to 28 U.S.C. section 1332(c), "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." For the purposes of federal diversity jurisdiction, based upon the above, HOME DEPOT U.S.A., INC. is not a citizen of the State of New York.

11. The Plaintiff, in the Complaint, alleges to be a citizen of the State of New York with a residence at 409 E. 142nd Street, Bronx, New York. **Exhibit "A."**

12. There is complete diversity of citizenship between the parties to this action.

13. Therefore, this action may be removed to this Court pursuant to 28 U.S.C. §1441.

## THE AMOUNT IN CONTROVERSY REQUIREMENT IS SATISFIED

14. It is reasonably probable that Plaintiff seeks recovery for an amount in excess of $75,000, exclusive of interest and costs. Plaintiff's Verified Complaint cannot state the amount of damages Plaintiff deems herself entitled to (CPLR 3107(c)). However, Plaintiff alleges that as a result of the acts of the Defendant, Plaintiff "verily believes that her injuries are permanent in nature and will she will be caused to suffer permanent embarrassment and continuous pain and inconvenience." (See Verified Complaint at paragraph 24). The Verified Complaint continues at paragraph 26 alleging that she "was compelled and did necessarily require medical attention and did necessarily pay and become liable therefore for medicines and upon information and belief." The Plaintiff also contends that her damage and detriment "exceed the jurisdictional amounts of any lower courts."

15. On February 12, 2018, Plaintiff's counsel made a pre-suit demand to Sedgwick Claims Management Services of $750,000.

16. Upon information and belief, Plaintiff alleges that she sustained the following damages: (1) Fracture to the humerus with open reduction internal fixation surgery which was unsuccessful and resulted in a second surgery. At this time, Home Depot is unaware of the extent of continued treatment.

17. Home Depot submits that the (1) allegations in the Complaint with (2) pre-suit demand of $750,000.00 and (3) damages alleged (fractured humerus with two surgeries) "prove that it appears to a 'reasonable probability' that the claim is in excess of [$75,000]." *United Food & Commercial Workers Union, Local 919, AFL-CIO v CenterMark Properties Meriden Square, Inc.,*

30 F.3d 298, 305 (2d Cir. 1994)(quoting *Tongkook Am, Inc. v. Shipton Sportswear Co.,* 14 F.3d 781, 784 (2d Cir. 1994).

18.     Home Depot reserves its rights to contest the nature and extent of liability of plaintiff's damages. Nevertheless, if liability is ever established, the allegation that Plaintiff sustained severe and permanent personal injuries, if proven, may convince a trier of fact to award such injured plaintiff an amount in excess of $75,000.

## REMOVAL IS TIMELY

19.     Pursuant to 28 U.S.C. §1446(b), which provides that a Notice of Removal shall be filed within thirty (30) days after receipt by defendant, by service or otherwise, of the initial pleading or of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable, this Petition for Removal is timely filed.

20.     Defendant received Plaintiff's demand on February 12, 2018. Removal is thus timely.

## NOTICE

21.     Pursuant to 28 U.S.C. §1446, a copy of this Notice of Removal is being filed with the Supreme Court of the State of New York, County of Bronx.

## VENUE IS PROPER

22.     The United States District Court for the SOUTHERN DISTRICT of New York includes the county in which the state court action was pending (Bronx County) and thus, pursuant to 28 U.S.C. §124(b)(2), venue is proper.

## RESERVATION OF DEFENSES AND RIGHTS

23.     Home Depot reserves all defenses, including, without limitation, the defense of lack of personal jurisdiction.

24.     Home Depot reserves the right to amend or supplement this Petition for Removal.

4840-9902-7294.1

25. If any question arises as to the propriety of the removal of this action, Home Depot respectfully requests the opportunity to present a brief and oral argument in support of its position that this case is removable.

**THEREFORE**, all parties to the Civil Action pending in the Supreme Court of the State of New York, County of Bronx, Index No. 20373/2018E are HEREBY NOTIFIED pursuant to 28 U.S.C. §1446 and Local Civil Rule 81.1, as follows:

Removal of the Civil Action and all claims and causes of action therein is effected upon the filing of a copy of this Notice of Removal with the Clerk of the State Court pursuant to 28 U.S.C. §1446. The Civil Action is removed from the State Court to the United States District Court, SOUTHERN DISTRICT of New York. The parties to the Civil Action shall proceed no further in the State Court.

WHEREFORE, Defendant HOME DEPOT U.S.A., INC., pray that this cause of action now pending in the Supreme Court of the State of New York, County of Bronx, be removed to the United States District Court, SOUTHERN DISTRICT of New York.

Dated: New York, New York
March 9, 2018

                                             LEWIS BRISBOIS BISGAARD & SMITH, LLP

                                             By: _____
                                             David M. Pollack (6143)
                                             Michael Giacopelli (MG4170)
                                             Meagan Kelly (MK3137)
                                             *Attorneys for Defendant*
                                             *HOME DEPOT U.S.A., INC.*
                                             77 Water Street – Suite 2100
                                             New York, New York 10038
                                             212.232.1300

TO:
Elizabeth M. Pendzick, Esq.
HAUSMAN & PENDZICK
*Attorneys for Plaintiff*
*SYLVIA DEJESUS*
440 Mamaroneck Avenue – Suite 408
Harrison, New York 10528
914.946.3344

4840-9902-7294.1